BLAZE D'AQUIN AND TAYLOR D'AQUIN

NO. 24-C-21

VERSUS

FIFTH CIRCUIT

PERRY BADEAUX, ET AL

COURT OF APPEAL

STATE OF LOUISIANA

March 22, 2024

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** BLAZE D'AQUIN AND TAYLOR D'AQUIN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 819-345

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, John J. Molaison, Jr., and Scott U. Schlegel

**WRIT GRANTED**

Plaintiffs, Blaze and Taylor D'Aquin, seek review of the trial court's December 13, 2023 judgment, which granted defendant RPM Pizza Greater New Orleans, LLC's ("RPM") "Motion in Limine to Exclude Untimely Produced Medical Records." In its judgment, the trial court excluded records and corresponding testimony from Mr. D'Aquin's neurologist, Dr. Anne Foundas, which plaintiffs produced after the expiration of the discovery deadline and shortly before the first trial date. For the following reasons, we grant the writ application, reverse the trial court's ruling, and remand for further proceedings.

Plaintiffs allege that on May 30, 2021, Mr. D'Aquin suffered injuries, including a brain injury, when defendant, Perry Badeaux, disregarded a stop sign and collided with Mr. D'Aquin's motorcycle. Plaintiffs allege that Mr. Badeaux was in the course and scope of his employment with RPM at the time of the

24-C-21

accident.  RPM contests liability and damages arguing that Mr. D'Aquin was travelling at a high rate of speed and that his injuries are not as serious as claimed.

This matter was set for a jury trial on Monday, September 11, 2023.  On Friday, September 8, 2023, the defense learned that Mr. D'Aquin had undergone additional testing when plaintiffs' counsel emailed defense counsel a new report and records from Dr. Foundas.  On Sunday, September 10, 2023, RPM filed a motion in limine seeking to exclude the new medical records and report, as well as corresponding testimony from Dr. Foundas, as untimely.  RPM argued that the only records plaintiffs had previously produced from Dr. Foundas were for a single visit, which occurred four months after the accident in September 2021.  RPM claimed that it was prejudiced by the late disclosure, because it would not have time to verify the records, provide them to its own expert, or conduct additional discovery.

On the morning of September 11, 2023, trial was continued and reset to Monday, May 13, 2024, because the ad hoc judge presiding at that time could not serve for the entire duration of the trial.  RPM's motion in limine was set for hearing on December 7, 2023.  The ad hoc judge also entered a new pre-trial order at the time, stating that discovery would remain closed, but that the discovery cutoff date "may be modified by consent of all parties."

In their opposition to the motion in limine, plaintiffs argued that the experts for both sides agreed that the persistence of neurological deficits beyond two years after a traumatic event is significant, and that the follow-up testing and evaluation were performed to determine Mr. D'Aquin's status at the two-year point.  Plaintiffs asserted that RPM was not prejudiced by the late disclosure due to the continuance of the trial date.

RPM replied that it would be prejudiced if the trial court allowed the new evidence from Dr. Foundas, because it would have to incur additional expenses to

address the results of the new testing. RPM pointed out that plaintiffs were ready to proceed to trial without this evidence and the only reason for the continuance was the unavailability of the court.

At the conclusion of the hearing on December 7, 2023, the trial court granted RPM's motion in limine and excluded Dr. Foundas' new report and corresponding testimony. It signed a written judgment granting the motion on December 13, 2023.

Trial courts have great discretion when ruling on evidentiary matters, such as a motion in limine. *Anderson v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 06-153 (La. App. 5 Cir. 10/17/06), 943 So.2d 1198, 1202. Further, La. C.C.P. art 1551 provides the trial court with great discretion in implementing pre-trial orders and ensuring that the particulars are enforced. *Cobena v. ACE Am. Ins. Co.*, 21-630 (La. App. 5 Cir. 8/3/22), 347 So.3d 1117, 1125, *writ denied*, 22-1337 (La. 11/16/22), 349 So.3d 1007.

The theory inherent behind pre-trial procedure is avoiding surprise and ensuring orderly disposition of the case. *Moonan v. Louisiana Med. Mut. Ins. Co.,* 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529, 533, *writ denied*, 16-2048 (La. 1/9/17), 214 So.3d 869. A pre-trial order controls the subsequent course of the action, but can be modified to prevent manifest injustice. La. C.C.P. art. 1551; *Perniciaro v. Hamed*, 20-62 (La. App. 5 Cir. 12/16/20), 309 So.3d 813, 833. Absent an abuse of discretion, the trial court's decision to admit or exclude evidence upon objection on the grounds of failure to abide by the pre-trial order will be upheld. *Cobena*, 347 So.3d 1125-26.

While the trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt is resolved in favor of receiving the information. *Perniciaro*, 309 So.3d at 833; *Moonan*, 202 So.3d at 533. This Court has stated, "[i]n deciding

3

whether to modify a pretrial order, a trial court must be ever mindful of the fact that the objective of our legal system is to render justice between litigants upon the merits of the controversy rather than to defeat justice upon the basis of technicalities." *Henderson on behalf of Rolland v. Ruffino*, 17-158 (La. App. 5 Cir. 10/25/17), 231 So.3d 912, 922.

After review of the writ application, opposition, exhibits, and the applicable law, we find that the trial court abused its discretion by granting RPM's motion in limine. If trial had proceeded on September 11, 2023, as scheduled, RPM would have been unfairly prejudiced by the late disclosure of Dr. Foundas' new report and corresponding testimony, and the exclusion of such would have been warranted. However, due to no fault of the parties, the trial was continued for several months, thereby negating the element of surprise and allowing ample time for additional discovery, if necessary.

Further, plaintiffs contend that Mr. D'Aquin sustained a brain injury as a result of the May 2021 accident, and the parties dispute the severity and duration of Mr. D'Aquin's injuries. Dr. Foundas was not new to the case. She examined Mr. D'Aquin on September 24, 2021, and prepared a report of her findings and impressions. A neuropsychologist, Dr. Anneliese Boettcher, reviewed Mr. D'Aquin's records and issued a report dated June 12, 2023, with her findings and impressions. Although RPM was not aware of Dr. Foundas' updated September 2023 report until shortly before the original trial date, the continuance allowed time for discovery pertaining to her updated report.

Considering that the element of surprise has been removed and that any doubt should be resolved in favor of receiving the information, we find that the trial court abused its discretion by granting RPM's motion in limine and excluding Dr. Foundas' updated report and corresponding testimony from trial. Accordingly,

4

we grant the writ application, reverse the trial court's judgment that granted RPM's motion in limine, and remand for further proceedings.

Gretna, Louisiana, this 22nd day of March, 2024.

**FHW**
**SMC**
**JGG**

BLAZE D'AQUIN AND TAYLOR D'AQUIN

NO. 24-C-21

VERSUS

FIFTH CIRCUIT

PERRY BADEAUX, ET AL

COURT OF APPEAL

STATE OF LOUISIANA

**SCHLEGEL, J., DISSENTS WITH REASONS**

I respectfully dissent. This matter was set for a jury trial on Monday, September 11, 2023. But on Friday, September 8, 2023, only days before the trial was set to begin, plaintiffs' counsel emailed the defense a new report and records from Dr. Foundas, showing that Mr. D'Aquin had recently undergone additional testing. As expected, RPM filed a motion in limine seeking to exclude the new medical records and report, as well as corresponding testimony from Dr. Foundas. On the morning of trial, the ad hoc judge presiding continued the trial and set the motion in limine for hearing. The trial judge heard arguments on December 7, 2023 and granted the defendant's motion in limine.

The majority recognizes the trial court's vast discretion when ruling upon evidentiary issues but then goes on to suggest that since "the element of surprise has been removed," the trial court somehow abused its discretion when it excluded the new evidence. But this opinion fails to take into account the fact that the additional testing could have been completed prior to the discovery deadline and well before the prior trial date. The two-year mark following the injury was May 30, 2023, which was 3 months before the September 11th trial date. And the plaintiff wasn't re-examined until September 5, 2023, only 6 days before trial was set to begin. The trial court clearly took all of this into account when making its decision.

As a court of review, we are not to ask would we have ruled differently if we had been asked to make the decision, but whether or not the trial court abused its discretion.  Considering the unique circumstances presented in this matter, as well as the trial court's broad discretion, I cannot say the trial court was clearly wrong and would find that the trial court did not abuse its discretion by granting the RPM's motion in limine.

Accordingly, this writ application should be denied and therefore, I dissent.

**SUS**

BLAZE D'AQUIN AND TAYLOR D'AQUIN

VERSUS

PERRY BADEAUX, ET AL

NO. 24-C-21

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**MOLAISON, J., DISSENTS WITH REASONS**

I agree with Judge Schlegel's well-reasoned dissent. The continuance in this matter was a necessity for the trial judge. In my opinion, had the court not excluded the last-minute testimony out of fairness, then the continuance would have benefited one party over the other. Under similar circumstances, this Court has affirmed the trial court's ruling. See *Dufrene v. Willingham*, 97-1239 (La. App. 5 Cir. 10/28/98), 721 So. 2d 1026, *writ denied*, 99-0032 (La. 3/12/99), 739 So. 2d 212. Granting the writ would have the effect of overruling the trial court's authority to control its own docket, including its ability to regulate pre-trial discovery. For these reasons, I respectfully dissent.

**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>**03/22/2024**</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-21**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
George J. Nalley, Jr. (Respondent)

Jarrett S. Falcon (Relator)
Jeremiah A. Sprague (Relator)

### MAILED

Andrew Minor (Respondent)
Attorney at Law
2450 Severn Avenue
Suite 100
Metairie, LA 70001

Timothy J. Falcon (Relator)
Attorney at Law
5044 Lapalco Boulevard
Marrero, LA 70072

3/22/24

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy J. Falcon
Attorney at Law
5044 Lapalco Boulevard
Marrero, LA 70072

24-C-21

9590 9402 2434 6249 3565 07

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8186

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew Minor
Attorney at Law
2450 Severn Avenue Suite 100
Metairie, LA 70001

24-C-21        03-22-24

9590 9402 2434 6249 3565 14

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8179

3/22/24

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

3/22/24

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy J. Falcon
Attorney at Law
5044 Lapalco Boulevard
Marrero, LA 70072
24-C-21                     03-22-24

9590 9402 2434 6249 3565 07

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8186

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Butch Boub
☐ Agent
☐ Addressee

B. Received by (Printed Name)
B. Boudreaux

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

SECURE

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt